IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02664-KLM

CATHERINE BOSIER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Rebuttal Expert Dr. Richard Perillo** [sic] [#42][1] (the "Motion"). Plaintiff filed a Response [#46] in opposition to the Motion,[2] and Defendant filed a Reply [#51]. The Court has reviewed the Motion, Response, Reply, the exhibits, the entire case file, and the applicable law, and is fully advised on the premises.[3] For the reasons set forth below, the Motion [#42] is

---

[1] "[#42]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] In her Response [#46], Plaintiff brings up many issues outside the scope of Defendant's Motion [#42], including deposition scheduling and the adequacy of Dr. Kenneally's report. *Response* [#46] at 4-6. Additionally, Plaintiff appears to move to strike Dr. Kenneally. *Id.* at 8-9. However, pursuant to D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in the response or reply to the original motion."), the Court only addresses Defendant's Motion [#42] and the issues it raises.

[3] The Court notes that parties appear to contest the adequacy of their conferral pursuant to D.C.COLO.LCivR 7.1. *See Response* [#46] at 1-2, *Reply* [#51] at 1-2. However, because the parties have fully briefed the primary issue at hand, the Court will not strike the Motion on that basis alone and proceeds to address the merits.

**GRANTED**.

## I. Background

This is a bad faith and breach of contract case arising out of Plaintiff's claim for uninsured/underinsured ("UIM/UM") insurance benefits under her automobile policy with Defendant. *Compl.* [#4] ¶¶ 6-18, 74-88. Plaintiff was involved in motor vehicle accidents in which she was not at fault on March 5, 2014, and on April 12, 2015. *Id.* ¶¶ 5, 12. Plaintiff settled with the at-fault, underinsured driver in the first accident for $100,000, but this sum did not make Plaintiff whole. *Id.* ¶¶ 8-11. The at-fault driver in the April 12, 2015 accident was uninsured. *Id.* ¶ 15.

On May 12, 2016, Plaintiff submitted a formal underinsured motorist claim with Defendant for her injuries, damages, and losses arising from the collisions. *Id.* ¶ 18. Between May of 2016 and October of 2017, Plaintiff corresponded with Defendant about her claims and the documents, records, and payments involved. *Id.* ¶¶ 18-57. While Plaintiff received some payments from Defendant over the course of that period, she also expressed concern about the level of attention being given to her claims. *Id.* ¶¶ 36, 52, 54-55.

Plaintiff filed suit in District Court, Denver County, Colorado on October 9, 2017, and the action was removed here on November 7, 2017. *Notice of Removal* [#1] at 1, 4. The July 13, 2018 Amended Scheduling Order established December 3, 2018, as the deadline for rebuttal expert disclosures and December 14, 2018, as the discovery cut off date. *Minute Order* [#29]. On January 3, 2019, Defendant filed the present Motion [#42]. The Motion concerns Plaintiff's undisputed failure to include a report authored by her rebuttal

expert Dr. Richard Perrillo ("Perrillo") with her Expert Rebuttal Disclosure Certificate ("Rebuttal Disclosure"). *See Motion* [#42] at 2; *Response* [#46] at 6. As further explained below, Plaintiff alleges that Dr. Perrillo was unable to create a report because he lacked requested data from Dr. Suzanne Kenneally ("Kenneally"). *Response* [#46] at 6. Thus, Plaintiff further asserts that the omission was substantially justified. *Id.*

In September of 2016, Defendant's contract examiner Dr. Kenneally examined Plaintiff for neuropsychological and psychological testing. *Compl.* [#4] ¶ 32. In March of 2017, Plaintiff requested Dr. Kenneally's raw data be sent to Dr. Perrillo. *Motion* [#42] at 2. On June 22, 2017, Defendant emailed Plaintiff regarding this request, saying "I just received a call from Dr. Kenneally's office indicating that they need a written authorization signed by Catherine Bosier prior to their sending the raw data." *Pl.'s Ex. 2* [#46-2]. Defendant also provided a fax number to which Plaintiff could send the authorization. *Id.* It appears neither that an authorization form was attached to the email nor that Plaintiff responded to the email or otherwise requested information on the required authorization. *See id.*

About seventeen months later, in a November 26, 2018 email to Plaintiff regarding deposition scheduling, Defendant also wrote:

> Dr. Kenneally advised she needs an executed release from Cathy Bosier to release the raw data to the other two doctors. I asked if there is a specific form that needs to be filled out or if a typical medical ROI would work . . . She advised that turnaround time is about a week to get it produced.

*Pl.'s Ex. 4* [#46-4]. Defendant followed up on November 29, 2018, at 11:55 a.m. with an authorization form attached to the email. *Pl.'s Ex. 3* [#46-3]. Plaintiff replied with the completed form on November 29, 2018 at 2:17 p.m., and Defendant confirmed that it sent

the form to Dr. Kenneally at 5:55 p.m. *Pl.'s Ex. 5* [#46-5]. As of the filing of Plaintiff's Response [#46] on January 24, 2019, Plaintiff had yet to receive Dr. Kenneally's data. *Response* [#46] at 6.

On December 3, 2018, Defendant received Plaintiff's Rebuttal Disclosure endorsing Dr. Perrillo as a rebuttal expert. *Def.'s Ex. 1* [#42-1] at 3. Plaintiff did not attach or enclose a report authored by Dr. Perrillo but stated that his report is "being prepared but is waiting upon receipt of Dr. Suzanne Kenneally's raw data, which has been requested," and will be served "once Dr. Perrillo has received and had a reasonable amount of time to review Dr. Kenneally's data." *See id.*

Defendant argues that Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 26(a)(2), specifically by not providing an expert report and disclosures by Dr. Perrillo, is prejudicial to it and neither substantially justified nor harmless. *Motion* [#42] at 6. Thus, Defendant asks the Court to strike Dr. Perrillo from Plaintiff's Rebuttal Expert Disclosure and prohibit Plaintiff from offering any evidence or testimony from Dr. Perrillo at the trial of this matter, pursuant to Fed. R. Civ. P. 37(c)(1). *Id.* at 7. Defendant also requests costs and attorneys' fees pursuant to Fed. R. Civ. P. 37(c)(10(A). *Id.*

## II. Analysis

### A.     Fed. R. Civ. P. 26(a)(2)

The parties do not dispute that Plaintiff failed to include an expert report by Dr. Perrillo in her Rebuttal Disclosure as required by Fed. R. Civ. P. 26(a)(2)(B). *See Motion* [#42] at 2; *Response* [#46] at 6. Rule 26(a)(2) of the Federal Rules of Civil Procedure explicitly states that "a party must disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See*

Fed. R. Civ. P. 26(a)(2)(A). In the case of a retained expert, "this disclosure must be accompanied by a written report" that contains "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

A party must make this disclosure "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As is the case here, the court most often sets forth the time and sequence for disclosing experts in a scheduling order. *See generally Sched. Order* [#17]; *see also* Fed. R. Civ. P. 16(b)(1). If the expert testimony is intended solely to contradict or rebut evidence on the same subject matter identified by the opposing party pursuant to Rule 26, the evidence should be disclosed within thirty days after the other party's disclosure, absent a court order or stipulation. Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, the governing Scheduling Order [#17], as amended by the Court's Minute Order [#29], set November 5, 2018 as the affirmative expert disclosures deadline and December 3, 2018 as the rebuttal expert disclosures deadline.

By her own concession, *see Response* [#46] at 6, and the plain text of Rule 26(a)(2), there is no question that Plaintiff failed to abide by the rule when she neglected to include disclosures and a report authored by Dr. Perrillo in her Rebuttal Disclosure. The Court turns now to whether sanctions should issue against Plaintiff under Rule 37(c) for this failure.

**B.     Fed. R. Civ. P. 37(c)**

Rule 37(c)(1) prescribes a mechanism to impose certain consequences if a party "fails to provide information . . . as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1); *see Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). Specifically, the rule

provides that failure to comply with Rule 26(a) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*" and that the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." *See* Fed. R. Civ. P. 37(c)(1) (emphasis added); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless.").

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Moqi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the Tenth Circuit has enumerated four factors the Court should use to guide its discretion in determining whether a Fed. R. Civ. P. 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial"; and (4) the erring party's bad faith or willfulness.[4] *Id.* (citations omitted); *Iowa Pac. Holdings, LLC v. Nat'l*

---

[4] In *Woodworker's Supply*, the court stated that the last factor is "the moving party's bad faith or willfulness." 170 F.3d at 993. However, the court there proceeded to analyze the bad faith or willfulness of the non-moving plaintiff. *See id.* Other cases within the Tenth Circuit have similarly construed this last prong to apply to the party who violated Rule 26(a). *See, e.g.*, *O'Sullivan v.*

*R.R. Passenger Corp.*, No. 09-cv-02977-REB-KLM, 2011 WL 2292307, at *2 (D. Colo. Jun. 9, 2011). In analyzing these factors, the Court notes that the Tenth Circuit has stated that "the decision to exclude evidence is a drastic sanction." *Summers*, 132 F.3d at 604.

The non-moving party has the burden of showing that it was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) or that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted). Thus, the Court here examines whether Plaintiff has met this burden. For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact and where there exists a genuine dispute concerning compliance. *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995). Nowhere did the parties appear to dispute relevant disclosure requirements or dates at issue here. *See Motion* [#42]; *Response* [#46]; *Reply* [#51]. However, Plaintiff argues that her failure to produce a report was substantially justified because "[Dr. Perrillo] cannot rebut Dr. Kenneally's report without all of the appropriate data to review." *Response* [#46] at 6. Although the Court acknowledges that Plaintiff had yet to receive the data as of January 24, 2019, *see Response* [#46] at 6, it also notes that Plaintiff did not follow up with Defendant about the authorization necessary for the release of the data for over seventeen months and did not send the completed form to Defendant until November 29, 2018. *See Pl.'s Ex. 5, Response* [#46-5]. The Court therefore finds that Plaintiff's failure to provide a report authored by Dr. Perrillo was not substantially justified.

The Court further finds that Plaintiff's failure to provide a report authored by Dr.

---

*Geico Cas. Co.*, 233 F. Supp. 3d 917, 933 (D. Colo. 2017). Thus, the Court here looks to Plaintiff's bad faith or willfulness.

Perrillo was not harmless under the *Woodworker's Supply* factors. First, the Court finds that prejudice to Defendant would result if Dr. Perrillo were not stricken. *See Lintz v. Am. Gen. Fin., Inc.*, No. Civ.A. 98-2213-JWL,1999 WL 619045, *6 (D. Kan. 1999) (noting that non-compliance is harmless only when there is no prejudice to the opposing party). While Dr. Perrillo, as a rebuttal witness, is confined to "contradict[ing] or rebut[ting] evidence on the same subject matter identified by an initial expert witness," *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008), Defendant remains prejudiced by untimely disclosure. *See Smith v. Miller*, No. 11-cv-00613-REB-KLM, 2011 WL 6020578, at *3 (D. Colo. Dec. 5, 2011) ("Defendants are prejudiced by the tardy disclosure of [rebuttal expert's] inadequate report, in satisfaction of the first factor.").

However, in regards to the second and third factors, the Court finds that any prejudice to Defendant may be cured in a way that does not disrupt the trial. With trial set for May 9-10 and 13-17, 2019, *Minute Order* [#58], assuming Dr. Perrillo's report could be timely completed, the deadline for Defendant to depose Dr. Perrillo may be extended. *See Chung v. El Paso Sch. Dist. #11*, No. 14-cv-01520-KLM, 2015 WL 1882939, at *2 (D. Colo. Apr. 22, 2015) (finding that a trial date less than four months away from order date allowed time for deposition); *Reich v. Am. Fam. Mut. Ins. Co.*, No. 14-cv-01482-KLM, 2015 WL 3619862, at *3 (D. Colo. Jun. 9, 2015) (finding "obvious disruption to imminent trial" set for less than two weeks following order). While deposing Dr. Perrillo may slightly burden the parties as they continue to prepare for trial, it should not result in disruption.

Still, in regards to the fourth factor, the Court finds that Plaintiff appears to have willfully failed to comply with Rule 26(a)(2). While Defendant notably did not include an authorization form in its June 2017 email, Plaintiff does not appear to have attempted any

Perrillo was not harmless under the *Woodworker's Supply* factors. First, the Court finds that prejudice to Defendant would result if Dr. Perrillo were not stricken. *See Lintz v. Am. Gen. Fin., Inc.*, No. Civ.A. 98-2213-JWL,1999 WL 619045, *6 (D. Kan. 1999) (noting that non-compliance is harmless only when there is no prejudice to the opposing party). While Dr. Perrillo, as a rebuttal witness, is confined to "contradict[ing] or rebut[ting] evidence on the same subject matter identified by an initial expert witness," *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008), Defendant remains prejudiced by untimely disclosure. *See Smith v. Miller*, No. 11-cv-00613-REB-KLM, 2011 WL 6020578, at *3 (D. Colo. Dec. 5, 2011) ("Defendants are prejudiced by the tardy disclosure of [rebuttal expert's] inadequate report, in satisfaction of the first factor.").

However, in regards to the second and third factors, the Court finds that any prejudice to Defendant may be cured in a way that does not disrupt the trial. With trial set for May 9-10 and 13-17, 2019, *Minute Order* [#58], assuming Dr. Perrillo's report could be timely completed, the deadline for Defendant to depose Dr. Perrillo may be extended. *See Chung v. El Paso Sch. Dist. #11*, No. 14-cv-01520-KLM, 2015 WL 1882939, at *2 (D. Colo. Apr. 22, 2015) (finding that a trial date less than four months away from order date allowed time for deposition); *Reich v. Am. Fam. Mut. Ins. Co.*, No. 14-cv-01482-KLM, 2015 WL 3619862, at *3 (D. Colo. Jun. 9, 2015) (finding "obvious disruption to imminent trial" set for less than two weeks following order). While deposing Dr. Perrillo may slightly burden the parties as they continue to prepare for trial, it should not result in disruption.

Still, in regards to the fourth factor, the Court finds that Plaintiff appears to have willfully failed to comply with Rule 26(a)(2). While Defendant notably did not include an authorization form in its June 2017 email, Plaintiff does not appear to have attempted any

follow up for over seventeen months. *See Pl.'s Ex. 2* [#46-2]; *Pl.'s Ex. 5* [#46-5]. Even then, it does not appear that Plaintiff initiated the November, 2018 email disclosure of the authorization form. *See Pl.'s Ex. 5* [#46-5]. Moreover, Plaintiff's statement that "[b]ased on Defendant's representation, Plaintiff's expert Dr. Perrillo was expecting the raw data no later than December 6, 2018," *Response* [#46] at 3, concedes her lack of attention. While it does appear that Defendant's representation that Dr. Kenneally's "turnaround time [for producing the data] is about a week [after receiving the authorization form]," *Pl.'s Ex. 4* [#46-4], may have proven untrue, even if it were true, Plaintiff's receipt of data on December 6 would still be past the December 3 deadline for rebuttal expert disclosures. The Court finds this indicates more than mere carelessness by Plaintiff. *See Smith*, 2011 WL 602057, at *4 (finding that knowledge of relevant deadlines and lack of diligence in attempting to meet them was "something more than mere carelessness"). In sum, the Court finds that the four *Woodworker's* factors weigh in favor of granting Defendant's motion to strike Dr. Perrillo, as the failure to provide a report is neither substantially justified nor harmless.

The Court finds that Plaintiff has failed to carry her burden of showing that she was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. *See Sender*, 225 F.R.D. at 655. Accordingly, the Court strikes Plaintiff's Rebuttal Expert Dr. Richard Perrillo and awards reasonable expenses, including attorneys' fees, to Defendant. *See* Fed. R. Civ. P. 37(c)(1) (stating that, "[i]n addition to or instead of" the sanction of striking a witness, "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure"). Defendant shall file materials supporting an award of attorneys'

fees in accordance with D.C.COLO.LCivR 54.3 on or before April 5, 2019. Any objection shall be filed on or before April 12, 2019.

### IV. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion to Strike [#42] is **GRANTED**.

Dated: March 19, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge